IN THE CIRCUIT COURT OF MISSISSIPPI
FOR THE SEVENTEENTH JUDICIAL DISTRICT AT DE SOTO COUNTY

PAUL MARTIN,

    Plaintiff,

USDC/NDMS # 2:10CV159-M-A

CV 2010-0155

v.

No. _____

**JURY TRIAL DEMANDED**

CHRISTIE LITES FLORIDA, LLC,
a Florida limited liability company;
CHRISTIE LITES NYC, INC,
a New York corporation;
CHRISTIE LITES SEATTLE, LLC,
a Delaware limited liability company;
CHRISTIE LITES DALLAS, INC.,
a Delaware corporation,
CHRISTIE LITES LAS VEGAS, LLC,
a Nevada limited liability company;
CHRISTIE LITES TORONTO,
A Canadian business entity;
CHRISTIE LITES OTTAWA,
A Canadian business entity;
CHRISTIE LITES VANCOUVER,
a Canadian business entity;
CHRISTIE LITES EDMONTON,
a Canadian business entity;
CHRISTIE LITES HALIFAX,
Canadian business entity;
DISCONNECTED, INC.,
a Florida corporation;
and
ESTATE OF KEVIN A. SINEX,
a deceased individual

    Defendants.

**COMPLAINT FOR DAMAGES**

FILED

JUN 0 7 2010

*[signature]*
Circuit Court Clerk, Desoto County, MS

ム・d

EXHIBIT

A

COMES NOW the Plaintiff, Paul Martin, by and through undersigned counsel and for its Complaint for Damages (the "Complaint") against the Defendant, Christie Lites Florida, LLC, a Florida limited liability company, would respectfully show and state unto the Court as follows:

## PARTIES

1. The Plaintiff, Paul Martin (the "Plaintiff" or "Martin"), is an individual and natural person who resides at 3849 Vernon Avenue, Memphis, Tennessee 38112. At the time of the accident complained of herein, Martin was an employee of Crew One Productions, Inc., a Georgia corporation having its principal office at 1310 Ellsworth Industrial Boulevard, Atlanta, Georgia, 30318-4150.

2. Upon information and belief, the Defendant, Christie Lites Florida, LLC ("Christie Lites Florida" or "Christie" or "Defendant") is a limited liability company organized under the laws of the State of Florida and having its principal office at 7662 Currency Drive, Orlando, Florida 32809. Upon information and belief, Christie is not registered in the State of Mississippi.

3. Upon information and belief, the Defendant, Christie Lites NYC, Inc. ("Christie Lites NYC" or "Christie Lites" or "Defendant"), is a corporation organized under the laws of New York and having its principal office at 7662 Currency Drive, Orlando, Florida 32809. Upon information and belief, Christie is not registered in the State of Mississippi.

4. Upon information and belief, the Defendant, Christie Lites Seattle, LLC ("Christie Lites Seattle, " or "Christie Lites" or "Defendant"), is a limited liability company organized under the laws of Delaware and having a registered office in Washington of 1780 Barnes Boulevard Southwest, Tumwater, WA 98512-0410. Upon information and belief, Christie is not registered in the State of Mississippi.

5.  Upon information and belief, the Defendant, Christie Lites Dallas, Inc. ("Christie Lites Dallas" or "Christie Lites" or "Defendant"), is a corporation organized under the laws of Delaware and having its principal office at 7662 Currency Drive, Orlando, Florida 32809. Upon information and belief, Christie is not registered in the State of Mississippi.

6.  Upon information and belief, the Defendant, Christie Lites Las Vegas, LLC ("Christie Lites Las Vegas" or "Christie Lites" or "Defendant"), a limited liability company organized under the laws of Nevada and having its principal office at 7662 Currency Drive, Orlando, Florida 32809. Upon information and belief, Christie Lites is not registered in the State of Mississippi.

7.  Upon information and belief, Defendant Christie Lites Toronto ("Christie Lites Toronto" or "Christie Lites" or "Defendant"), is a Canadian business entity organized under the laws of Canada.

8.  Upon information and belief, Defendant Christie Lites Ottawa ("Christie Lites Ottawa" or "Christie Lites" or "Defendant"), is a Canadian business entity organized under the laws of Canada.

9.  Upon information and belief, Defendant Christie Lites Halifax ("Christie Lites Halifax" or "Christie Lites" or "Defendant"), is a Canadian business entity organized under the laws of Canada.

10. Upon information and belief, Christie Lites Vancouver ("Christie Lites Vancouver" or "Christie Lites" or "Defendant") is a Canadian business entity organized under the laws of Canada.

11. Upon information and belief, Defendant Christie Lites Edmonton ("Christie Lites Edmonton" or "Christie Lites" or "Defendant") is a Canadian business entity organized under the laws of Canada.

12. Upon information and belief, the various entities containing in some portion of their names "Christie Lites" and described in paragraphs 1 through 11 above, are affiliated with one another and have common ties to and are part of an extensive business operation having as its primary base of operations a principal office of 7662 Currency Drive, Orlando, Florida 32809.

13. At the time of the accident sued upon herein, Kevin A. Sinex ("Sinex" or "Defendant") was an employee and/or servant and/or agent and/or controlled contractor of Christie Lites. Sinex died as a result of the events complained of herein and as such the Estate of Kevin A. Sinex (also "Sinex" or "Defendant") is named as a Defendant herein.

14. The Defendant, Disconnected, Inc. ("Disconnected" or the "Defendant"), is a corporation organized under the laws of the State of Florida and having its principal office at 13102 Luntz Point Lane, Windermere, Florida 34786. In connection with and/or or in addition to his services as and employee and/or servant and/or agent and/or controlled contractor of Christie Lites, Sinex also serves as President of Disconnected.

## JURISDICTION & VENUE

15. Jurisdiction and venue in this case are proper as the events and acts and/or omissions complained of herein occurred within De Soto County, Mississippi, and the amount of damages at issue and/or in controversy and/or otherwise sued upon exceeds $200,000.00.

## FACTUAL BACKGROUND

16. On or about June 8, 2008, TNA Productions, Inc. ("TNA"), sponsored and promoted a wrestling event at the De Soto Civic Center in De Soto County, Mississippi (the "Civic Center" or the "Site").

17. Crew One Productions, Inc., Plaintiff's employer, was engaged by TNA to perform certain stage set-up and take-down services.

18. Defendant, Christie Lites was engaged, pursuant to the terms of their contract to conduct certain services including but not limited to supervising the erecting and taking down of certain areas and aspects of production including but not limited to lighting and scaffolding, by TNA to set up and take down the lighting and to erect and take down the scaffolding.

19. Christie Lites placed Sinex and/or Disconnected at the site and under the control and direction of Christie Lites as their controlled agents.

20. The supported aluminum scaffold system, manufactured by Alder Metalworks, was provided by Christie Lites. The scaffold system was specially designed for staging sporting events and musical productions. The scaffold system had aluminum tubular components.

21. The scaffold system, properly and reasonably constructed, likewise would have had installed base plates to serve as braces and footing for stabilization. However, in the present action, Christie Lites and/or its employee and/or agent and/or controlled contractor Sinex, and/or Defendant Disconnected, negligently failed to install said base plates despite their duty owed to other workers in and around the vicinity to install said base plates and otherwise to construct, take down, and maintain the scaffolding in a reasonable manner.

22. On June 8, 2008, Mr. Sinex was on the top level of the scaffold unhooking a cable supplying electric power to a light fixture at the conclusion of the wrestling event. A roll up

door was opened to let the crew start loading the production equipment onto trucks for transport from the civic center. A gust of wind blew through the Civic Center and the scaffold collapsed.

23. Sinex fell to the concrete floor and died shortly after the collapse.

24. Likewise, on June 8, 2008 at the Civic Center, acting at the direction and control of Sinex, Martin fell to the concrete floor when the same scaffolding collapsed as set forth in the preceding paragraphs, suffering as a result substantial injury, including but not limited to substantial bodily injury.

25. Moreover, as a result of the accident caused by the Defendants' failure to install the base plates and otherwise negligently constructing and maintaining the scaffolding, and/or otherwise negligently failing to properly and reasonably supervise same, Martin has suffered substantial bodily injury, suffered and endured substantial pain and suffering, incurred substantial medical expenses, and suffered and been damaged by a loss of wages and income.

26. Plaintiff Paul Martin has been substantially damaged as a result of the accident which occurred on June 8, 2008, in the Civic Center resulting from the negligence of the Defendants Christie Lites and/or Disconnected and/or Sinex as set forth in the preceding paragraphs.

27. Defendant Christie Lites and/or Defendant Disconnected and/or Defendant Sinex were negligent in failing to properly and reasonably install base plates in the scaffolding, and/or supervising the installation and/or construction of same.

28. The negligent failure of Christie Lites and/or Disconnected and/or Defendant Sinex in installing and/or maintaining the base plates, and/or the negligent supervision of same, despite the duty owed to Martin and others in the vicinity to do so, was the actual and proximate and legal cause of the scaffolding collapse and the resulting injuries and damages sustained by

6

the Plaintiff as set forth in the paragraphs above. But for the negligent failure to install the base plates, the scaffolding would not have collapsed and the Plaintiff would not have sustained the injuries and damages set forth above.

29. Defendant Christie Lites controlled and/or had the right to control the relevant activity of Sinex and/or Disconnected and as a result is directly and/or vicariously liable to the Plaintiff under the doctrine of *respondeat superior*.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Paul Martin prays as follows:

1. That process issue and that the Defendants be served with a Summons and a copy of this Complaint;

2. That Plaintiff be awarded a judgment against the Defendants in the amount of $2,000,000 representing damages sustained by the Plaintiff as set forth in the foregoing Complaint, or in a greater amount to be proven at trial;

3. That Plaintiff be awarded punitive damages;

4. That Plaintiff be awarded costs and fees including court costs and reasonable attorney fees;

5. That the Plaintiff be awarded any other, further and general relief to which it may be entitled and as justice may require.

Respectfully submitted,

**EVANS PETREE PC**
1000 Ridgeway Loop Road,
Suite 200
Memphis, TN 38120
(901) 525-6781     (901) 374-7565 *fax*

_____
E. Gene Thornton (# 100982)

Attorney for Plaintiff